**EXHIBIT A**

C. Ryan Christensen (#9546)
SIEGFRIED & JENSEN
5664 South Green Street
Murray, Utah 84123
Telephone: (801)266-0999
Facsimile: (801)266-1338
ryanc@sjatty.com
*Attorney for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT COURT IN AND FOR WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| **MIRANDA GILLARD**, an individual, | COMPLAINT |
| Plaintiff, | TIER 3 |
| vs. | |
| **WALMART STORES, INC.**, an Arkansas Corporation dba WAL-MART, and WAL-MART STORES EAST INC., dba WAL-MART; | Case Number 2209004134 <br><br> Judge Craig Hall |
| Defendants. | |

Plaintiff, Miranda Gillard, by and through her counsel of record, C. Ryan Christensen of Siegfried & Jensen, hereby complains against Defendant Walmart Stores, Inc., dba Wal-Mart, alleges and seeks relief as follows:

### PARTIES

1. Plaintiff Miranda Gillard (hereinafter "Plaintiff") is a resident of Weber County, State of Utah.

2. Upon information and belief, Defendant Walmart Stores, Inc., dba Wal-Mart and Wal-Mart Stores East, Inc. dba Wal-Mart (hereinafter "Walmart" or "Defendant"), is an Arkansas Corporation, doing business in Weber County, State of Utah.

## JURISDICTION, VENUE, AND TIER

3. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. § 78A-5-102.

4. The cause of action and injuries giving rise to this Complaint occurred in Weber County, State of Utah, and thus venue is appropriate in the above-entitled Court pursuant to Utah Code Ann. § 78B-3-307.

5. Pursuant to Rule 26 of the Utah Rules of Civil Procedure, Plaintiff elects to file this matter under Tier 3.

## FACTUAL ALLEGATIONS

6. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs, as if fully set forth herein.

7. This action arises as a consequence of an incident that occurred on July 11, 2021, while Plaintiff and her husband were patrons of Defendant's store located at 1959 Wall Avenue, Ogden, UT 84401.

8. On said date, Plaintiff was walking down an aisle attempting to do her grocery shopping when she slipped on pickle juice from a broken glass jar and her feet slipped out from under her, causing her to land on her back and hit her head.

9. A witness discovered Plaintiff injured and assisted her with locating an employee to report the incident to.

10. Upon information and belief, Defendant's employees admitted to Plaintiff that maintenance was not scheduled to work on Sunday and therefore were not present to clean the spill and broken jar.

11. It was apparent to Plaintiff, and her husband, that the pickle juice had been on the floor for a prolonged period of time.

12. As a result of the negligence of Defendant and its employees, Plaintiff suffered serious injuries.

## CAUSE OF ACTION
### (Negligence)

13. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs, as if fully set forth herein.

14. At all times relevant, Defendant Walmart and its employees owed to their business invitees, including Plaintiff, a duty to keep the business premises in a reasonably safe condition.

15. Defendant Walmart and its employees breached the duties owed to Plaintiff and were negligent in at least the following ways:

    (a) Failure to exercise proper caution under the existing conditions;

    (b) Failure to maintain the premises in a reasonably safe condition for people on the property;

    (c) Failure to properly warn people on the premises of the hazard;

    (d) Failure to inspect and remove the overflowing merchandise and spill from the aisle for the safety of patrons on the property; and

    (e) Any other acts or omissions that may later be discovered.

16. As a direct and proximate result of the negligence of Defendant Walmart and its employees, Plaintiff suffered damages, including, but not limited to, multiple serious injuries.

## DAMAGES

17. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth below.

18. As a direct and proximate result of Defendant's negligent and careless acts, Plaintiff has, among other things, suffered serious and permanent injuries.

19. As a direct proximate result of these injuries, Plaintiff has suffered substantial physical pain and anguish.

20. As a further direct and proximate result of these injuries, Plaintiff has lost enjoyment of life and experienced substantial limitations.

21. As a further direct and proximate result of these injuries, Plaintiff has suffered a loss of income and future earning capacity in an amount to be proven at trial.

22. As a further direct and proximate result of these injuries and Defendant's actions, Plaintiff has suffered and will continue to suffer the following additional damages:

    a. Past and future damages for cost of medical treatment and health care due to Plaintiff's injuries;

    b. Past and future damages for impairment of bodily function and pain and mental anguish suffered;

    c. General damages for Plaintiff's physical pain and suffering, and alterations in Plaintiff's lifestyle;

    d. Past and future lost wages and lost earning capacity;

    e. Compensatory damages for injuries which have become generically known as "Loss of Enjoyment of Life" injuries. These injuries are characterized by their interference with the injured parties' abilities to lead what would have been a normal lifestyle in the absence of such injuries; and

f. Past and future damages if any, for compensated and gratuitous care services, including attendant care, nursing care, therapy, and other care and assistance, and for the payment of medical expenses rendered to and/or paid on behalf of Plaintiff by other persons and entities. The amount of said special damages shall be the subject of proof at trial.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for judgment against Defendant as follows:

1. For special damages as alleged above;
2. For general damages as alleged above;
3. For court costs;
4. For pre- and post-judgment interest and other costs as provided by law; and
5. For such other and further relief as may be justified and required by law or the Court.

DATED this 14th day of September, 2022.

SIEGFRIED & JENSEN

*/s/ C. Ryan Christensen*
C. Ryan Christensen
*Attorney for Plaintiff*

Plaintiff's Address:
c/o Siegfried & Jensen
5664 South Green Street
Murray, UT 84123